# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID R. JOHNSON, | CIVIL ACTION NO. 3:CV-14-1218 |
| Petitioner | (Judge Nealon) |
| v. | |
| Warden DAVID J. EBBERT, | |
| Respondent | |

## MEMORANDUM

David R. Johnson, an inmate formerly confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, ("USP-Canaan"), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

Johnson challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1, petition). Specifically, he seeks "credit for time spent 'in custody' from 11-25-1997 up and to 12-15-1999", which was the time "Petitioner was held over at Oak Hill juvenile jail." Id. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

---

[1]Johnson is currently confined in the Gilmer Federal Correctional Institution, Glenville, West Virginia.

## I. **Background**

On November 25, 1997, Johnson was arrested as a juvenile on multiple charges and held at the Oak Hill Youth Detention Center. (Doc. 1, at 3).

On December 15, 1999, Johnson was indicted in the District of Columbia's Superior Court and committed to the Central Detention Center for adults on charges of possession of a firearm during the commission of a crime of violence, carrying a pistol without a license, and second degree murder. (Doc. 16-1 at 9, Inmate Record). Although the Bureau of Prisons' records indicate the date of this offense to be July 4, 1996, (see Doc. 16-1 at 8), the Bureau of Prisons was unable to obtain any documentation from the District of Columbia Superior Court in order to determine whether Johnson's time in juvenile detention was related to these charges. (See Doc. 16-1 at 2, Declaration of Grace Woods-Coleman at ¶ 9).

On January 10, 2002, Johnson was charged with manslaughter. (Doc. 16-1 at 9, Inmate Record). Bureau of Prisons' records indicate the date of this offense to be June 9, 1997. Id. The Bureau of Prisons was unable to obtain any documentation from the District of Columbia Superior Court in order to determine whether Johnson's time in juvenile detention was related to these charges. (Doc. 16-1 at 2, Woods-Coleman Decl. at ¶ 9).

On December 11, 2002, Johnson was sentenced to a twenty-five (25) year to life term of imprisonment, after being found guilty of the charges of possession of a firearm during the commission of a crime of violence, carrying a pistol without a license, and murder II while armed. (Doc. 16-1 at 12, Judgment in a Criminal Case). Johnson was awarded prior custody credit for the period of time beginning on December 15, 1999 (the date he was committed to the adult facility), through December 10, 2002 (the date of sentencing). (Doc. 16-1 at 11, Custody and Detention Form for D.C. Superior Court Prisoner dated 12/28/02).

On June 25, 2003, Johnson was sentenced to a seven (7) to twenty-one (21) years term of imprisonment after entering a plea of guilty to manslaughter. (Doc. 16-1 at 13, Judgment in a Criminal Case dated 6/25/03). The sentence was ordered to be served concurrently with the 25 year to life term imposed on December 11, 2002. Id.

In connection with the instant petition, prison officials at the Bureau of Prisons' Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, obtained and reviewed all of the materials connected with Johnson's sentences imposed by the D.C. Superior Court on December 11, 2002 and June 25, 2003, as well as all of the documentation related to Johnson's request for custody

credit. (See Doc. 16-1 at 1, Declaration of Grace Woods-Coleman, BOP Management Analyst at the Designation and Sentence Computation Center at ¶ 3).

It is Johnson's allegation that he is entitled to additional custody credit dating back to his initial arrest as a juvenile on November 25, 1997. (Doc. 1, petition). While prison officials attempted to obtain further documentation from the D.C. Superior Court to clarify Johnson's allegations, they were unable to obtain any additional documentation indicating that Johnson should receive the requested credit. (Doc. 16-1 at 1, Woods-Coleman Declaration at ¶ 9).

By Order dated June 13, 2016, the Court directed Respondent to again inquire into Petitioner's claim that his juvenile custody was related to his federal sentence and, therefore, should be credited with time spent in juvenile detention. (Doc. 28).

In an August 11, 2016 declaration, Grace Woods-Coleman, Management Analyst at the Designation and Sentence Computation Center, who conducted the review of Johnson's sentence computation, provided the following supplemental information:

> I previously obtained and reviewed all of the available materials connected with Johnson's sentence imposed by the District of Columbia, Superior Court on June 25, 2003, as well

-4-

as all the documentation related to his request for custody credit for an additional period of time spent in custody from November 25, 1997 through December 14, 1999 and concluded, based on the available information and existing law, that inmate Johnson is not entitled to the jail credit he is applying for in his current petition.

Relying on the information currently available in this case, the BOP stands by their decision to not award the prior custody credit beginning November 25, 1997, through December 14, 1999 to inmate Johnson as the existing materials indicate that inmate Johnson was originally held as a juvenile on these dates and would not be entitled to any jail credit for this period.

In the District of Columbia, the law states that an inmate will only be awarded prior custody credit for any time actually spent in custody, pursuant to a court order for a charged offense. The information reviewed related to inmate Johnson's sentence fails to definitively indicate the specific cause of his juvenile detention. As the available materials do not clearly provide an exact cause of Johnson's juvenile detention, there is insufficient support to award him the credit he is requesting. Title 24, D.C. Code § 24-221.03(c).

Additionally, inmate Johnson's central file does contain information supporting that he was initially held as a juvenile until a decision was made to charge and rebook him as an adult.[2] from the D.C.

---

[2]In support of this statement, Woods-Coleman attaches an August 7, 2008 email inquiry made to Rainey Brandt, Special Counsel, D.C. Superior Court which states the following:
    This inmate is claiming he was arrested in 1997 and held in Oakhill Youth Facility in Laurel, MD. Gus told me to send you a message and see

> The DSCC has attempted and was unable to obtain Johnson's juvenile file to determine the specific cause behind his initial placement into juvenile detention. As there is no information to support that his time in juvenile custody was related to the adult charges he was later sentenced on, the BOP continues to oppose his petition requesting jail credit for the time period referenced to in his petition.

(Doc. 33-1 at 3, Declaration of Grace Woods-Coleman, BOP Management Analyst).

## II. Discussion

### A. Jurisdiction

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the Bureau of Prisons ("BOP"). See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir.1994). The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned. United States v. Smith,

---

if we can prove it was the same case. I have attached a copy of his judgments and the pages of his PSI that may prove what he is saying is correct. I just need verification from you.
(Doc. 33 at 6, Email). In response, Special Counsel Brandt stated:
He was arrested on this case and MPD papered a juvenile case on him; hence the hold at Oak Hill. When the gov't decided to charge him as an adult in this case, he was rebooked as an adult and transferred to the jail. He wouldn't get credit for time spent in jv custody on a non adult case.
Id.

101 F.Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28,1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255). Because Petitioner is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this court.

### B. Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir.1993).

Current BOP policy dictates that inmates from the District of Columbia who request time for periods spent in prior custody be resolved by applying Title 24 of the D.C. Code. Specifically, the BOP uses Title 24, D.C. Code § 24-431, to

determine and award appropriate credit for previous periods of time held in custody by a federal inmate from the District of Columbia. (See Doc. 16-1 at 15, BOP Program Statement § 5880.33, Ch. 8, Page 1, § 8.4).

Title 24, D. C. Code § 24-431(a) (now §24-221.03) states in pertinent part:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody...as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for time spent in custody...as a result of the offense for which sentence was imposed.

D.C. Code 24-221.03 (formerly 24-431).

Johnson is currently serving a D.C. sentence of life imprisonment as a result of his convictions for second degree murder as well as weapon possession charges. These offenses initially occurred on July 4, 1996, and Johnson was formally charged on December 15, 1999. Johnson was eventually found guilty of these offenses after a plea of not guilty and sentenced on December 11, 2002 to twenty-five years to life for these criminal offenses.

Johnson is concurrently serving a D.C. sentence for manslaughter. This offense occurred on June 9, 1997. He was formally charged with this offense on

January 10, 2002, and was sentenced on this conviction on June 25, 2003. Johnson has been awarded custody credit from December 15, 1999, the day he was charged in the first case, through the date he was charged in the second case (on January 10, 2002), and until December 10, 2002, the day prior to his first sentencing by the D.C. Superior Court.

The applicable statute provides that, "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody…as a result of the offense for which the sentence was imposed. …" D.C. Code 24-221.03 (formerly 24-431).

Johnson requests that this Court award him credit toward his D.C. sentence for a period of time he served in juvenile detention from November 25, 1997, to December 15, 1999. He claims that this time spent in juvenile custody is related to the murder and weapons charges he was subsequently convicted of and sentenced for on December 11, 2002. However, there is no evidence of record to substantiate his claims and the Bureau of Prisons has twice made a good-faith effort to obtain Petitioner's records from the D.C. Superior Court, to no avail. As such, the Court finds that Respondent has computed Johnson's sentence based upon

available information, the response to their inquiry from the D.C. Superior Court, and in accordance with D.C. Code 24-221.03 (formerly 24-431).

Consequently, Petitioner has failed to meet his burden of establishing facts which support his claim that his juvenile detention was based upon the offense for which the sentence was imposed. See <u>U.S. ex rel Senk v. Brierley</u>, 363 F. Supp. 51, 52 (M.D. Pa. 1973) (citing <u>Johnson v. Zerbst</u>, 304 U.S. 458 (1938) ("[i]t has long been settled that the petitioner in a habeas corpus proceeding has the burden of establishing by a preponderance of the evidence the facts which support his claim for relief"); <u>Goins v. Brierley</u>, 464 F.2d 947 (3d Cir. 1972)). The petition for writ of habeas corpus will be denied. An appropriate order will follow.

Dated: January 30, 2017                                    <u>William J. Nealon</u>
                                                           **United States District Judge**